STATE OF NORTH CAROLINA v. GEORGE RAYNOR

No.7515SC358

(Filed 19 November 1975)

1. **Constitutional Law § 33— surrender of stolen item — voluntariness — no self-incrimination**

    Where officers went to defendant's apartment with an arrest warrant that charged defendant with receiving stolen property, a stereo, defendant was told that he could hand over the equipment or a search warrant would be obtained, and defendant did in fact produce the stereo, the stereo was not taken from defendant in violation of his Fifth Amendment privilege against self-incrimination and was not therefore inadmissible since defendant produced the stereo without compulsion.

2. **Constitutional Law § 21; Searches and Seizures § 1— taking of stereo from defendant's home — no search and seizure**

    In a prosecution for feloniously receiving stolen property, the trial court properly concluded that officers' taking of a stereo from defendant's home was not an unlawful search and seizure violative of the Fourth and Fifth Amendments of the U. S. Constitution and of Article I, § 15 of the N. C. Constitution since the officers did not search defendant's apartment, but defendant voluntarily relinquished the stereo.

APPEAL by defendant from *Winner, Judge.* Judgment entered 13 February 1975 in Superior Court, ORANGE County. Heard in the Court of Appeals 28 August 1975.

Defendant was charged in a bill of indictment with feloniously receiving stolen property.

The evidence tends to show that on 7 December 1974, the defendant was approached by Tyrone Hunter in a bar in Chapel Hill. Hunter and two friends had stolen a Panasonic stereo system from the Estes Hill School in Chapel Hill earlier in the evening in order to sell it to one Ronnie Christmas. Christmas was no longer interested in the stereo, but told Hunter that night in the bar that defendant might be interested. Christmas pointed out defendant in the bar. Defendant agreed to go with Hunter to see the stereo, which had been secreted by Hunter near the school building. Upon seeing the stereo, defendant purchased it for $50.00. Hunter never told defendant that the equipment was stolen.

On 16 December 1974 at approximately 9:30 p.m., Charlie Edmunds, the Captain of the Chapel Hill Police Department,

and another officer went to defendant's apartment with an arrest warrant that charged defendant with receiving stolen property, to wit, a Panasonic Stereo System purchased from Tyrone Hunter. Captain Edmunds knocked on the door and defendant answered. Edmunds explained to defendant what the warrant specifically charged and asked defendant to turn the equipment over to the police. Both arresting officers and defendant understood that he was under arrest. The officers did not inform defendant of his right to remain silent nor of his right to counsel.

Captain Edmunds testified during a voir dire that the defendant then made several incriminating statements. After defendant made these statements, Edmunds told defendant that he could cooperate and produce the equipment or a search warrant would be obtained in order to get the equipment. The defendant allowed the officers into his apartment while he went to get the stereo. The stereo was not in plain view of the officers and they did not search the apartment. The officers took the defendant and the equipment that he had produced to the Chapel Hill Police Station. At the close of voir dire, the trial court excluded defendant's incriminating statements, and, over defendant's objection, held that the stereo was admissible as evidence. The defendant objected to the ruling.

From a verdict of guilty and judgment imposed, defendant appealed.

*Attorney General Edmisten, by William F. Briley, Assistant Attorney General, for the State.*

*Joseph I. Moore, Jr., for defendant appellant.*

MARTIN, Judge.

[1]   The defendant contends that the evidence obtained by the police was inadmissible because the stereo was taken from the defendant in violation of his Fifth Amendment privilege against self-incrimination.

In requesting the defendant to produce the stereo, the police were asking him to produce evidence that might be used to prosecute him for a criminal offense. He complied with their request after being told that they could obtain a search warrant if he would not cooperate with them. Assuming, arguendo, that an issue raised in this case is whether defendant's Fifth

Amendment privilege against self-incrimination has been violated, the critical question is whether petitioner was thus compelled to be a witness against himself or otherwise provide the State with evidence of a testimonial or communicative nature. *Schmerber v. California,* 384 U.S. 757, 16 L.Ed. 2d 908, 86 S.Ct. 1826. According to the U. S. Supreme Court in the Schmerber case, "[i]t is clear that the protection of the privilege reaches an accused's communications, whatever form they might take, and the compulsion of responses which are also communications. . . ." However, it is not necessary in this case to decide whether defendant's act of producing the stereo was a "communicative act" within the protection of the Fifth Amendment since the defendant produced it without compulsion.

There is no merit in defendant's contention that he did not relinquish the stereo voluntarily because the officers told him that if he did not produce it they could get a search warrant The officers had ample grounds to obtain a valid search warrant, and there was nothing improper in their informing Raynor that they were prepared to do so. Further, the transaction was found by the court to be a voluntary relinquishment. This finding is not subject to review since it is supported by competent evidence. *See State v. Painter,* 265 N.C. 277, 144 S.E. 2d 6 (1965). For the reasons stated, this assignment of error is overruled.

[2] Defendant next assigns as error the admission into evidence of the stereo which was in defendant's home. This article was delivered to the police at his home after he had been placed under arrest. Defendant contends the taking of the stereo from his home was an unlawful search and seizure violative of the Fourth and Fifth Amendments of the Federal Constitution and of Article I, Section 15 of the Constitution of North Carolina. The State contends no search was involved and that the defendant voluntarily relinquished possession of the stereo.

It is well settled that the constitutional guaranty against unreasonable searches and seizures does not prohibit a seizure of evidence without a warrant when no search is required. *State v. Virgil,* 276 N.C. 217, 172 S.E. 2d 28 (1970). Before the legality of an alleged search may be questioned, it is necessary to first determine whether there has actually been a search. "A search ordinarily implies, a quest by an officer of the law, a prying into hidden places for that which is concealed." *State v. Coolidge,* 106 N.H. 186, 208 A. 2d 322 (1965).

Staley, Inc. v. Realty Co.

However, there is ". . . an abundance of authority supporting the proposition that when the evidence is delivered to a police officer upon request and without compulsion or coercion, there is no search within the constitutional prohibition against unreasonable searches and seizures." *State v. Reams,* 277 N.C. 391, 178 S.E. 2d 65 (1970).

The record indicates that the officers did not search the defendant's apartment, and that the defendant relinquished the stereo pursuant to the officer's request. Further, the court concluded at the close of voir dire that the defendant voluntarily relinquished the stereo to the officers. Thus, the circumstances required no search, and the constitutional immunity never arose. This assignment of error is also overruled.

Defendant had a fair trial free from prejudicial error.

No error.

Judges BRITT and HEDRICK concur.